UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JULIAN A.,[1]

                                                   Plaintiff,         Case # 19-cv-1373-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
───────────────────────────────────────

## INTRODUCTION

On December 8, 2017, Plaintiff Julian A. protectively applied for Supplemental Security Income under Title XVI of the Act. Tr.[2] 95, 173-78. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Stephen Cordovani on April 11, 2019. Tr. 30. At the hearing, Plaintiff and vocational expert Timothy P. Janikowski (the "VE") testified. Tr. 35-74. On April 29, 2019, the ALJ issued an unfavorable decision. Tr. 12-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 8, 2017, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: "post traumatic stress disorder (PTSD) with panic attacks; major depressive disorder; intellectual disability/borderline cognitive functioning." Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17. The ALJ determined that Plaintiff maintained the RFC to perform a full range of work at all exertional levels. Tr. 20. However, the ALJ found that Plaintiff had non-exertional limitations including:

> No work around hazards such as unprotected heights or dangerous moving mechanical parts; no driving. He can understand, remember and carry out simple and routine instructions and tasks. He is able to work in a low stress work environment reflected by simple, unskilled work, no supervisory duties, no independent decision-making, no strict production quotas, minimal changes in work routine and processes. He can have occasional interaction with supervisor and co-workers, no or only incidental interaction with the pubic. There should be no team or tandem or codependent work.

Tr 20.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, "laborer stores," "laundry laborer," and machine packager. Tr. 26. As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ (1) failed to properly consider Medical Listing 12.04 for Depressive Bipolar, and Related Disorders; and (2) failed to properly evaluate treating psychiatrist Dr. Rajendran's opinion. ECF No. 14-1 at 16-27. Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

"When an ALJ finds that a claimant has a medically determinable impairment that is 'severe,' the ALJ must determine whether the identified 'impairment(s) meets or equals a listed impairment in appendix 1.'" *Cusumano v. Saul*, No. 2020 WL 6873437, at *4, 2020 WL 6873437, at *4 (E.D.N.Y. Nov. 23, 2020) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)). "Each impairment in appendix 1 'is sufficient, at step three, to create an irrebuttable presumption of disability' under the Social Security regulations." *Id.* (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998)) (additional citation omitted).

It is Plaintiff's burden at step three to demonstrate that his impairments meet or equal a listed impairment. *Beers v. Comm'r of Soc. Sec.* 449 F. Supp. 3d 96, 100 (W.D.N.Y. 2020). "To match an impairment in the Listings, the claimant's impairment must meet all of the specified medical criteria of a listing." *Id.* (quoting *Loescher v. Berryhill*, No. 16-CV-300-FPG, 2017 WL 1433338, at *3 (W.D.N.Y. Apr. 24, 2017)) (internal quotation marks omitted). Where a claimant's impairment meets only some of the criteria, "no matter how severely," he does not qualify. *Id.* (citation omitted).

"Where the claimant's symptoms as described by the medical evidence appear to match those described in the Listings," the ALJ must explain why the claimant did not meet or equal the Listings. *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009) (citation omitted). "[I]t

4

is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review, and [t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Beers*, 449 F. Supp. 3d at 100 (citation and internal quotation marks omitted) (alterations in original). "Nevertheless, an ALJ's unexplained conclusion at step three of the analysis may be upheld where other portions of the decision and other clearly credible evidence demonstrate that the conclusion is supported by substantial evidence." *Yeomas v. Colvin*, No. 13-CV-6276P, 2015 WL 1021796, at *17 (W.D.N.Y. Mar. 10, 2015) (citation, quotation marks, and alterations omitted).

"Listing 12.04 covers depressive, bipolar and related disorders." *Cusumano*, 2020 WL 6873437, at *4 n.3 (citing 20 C.F.R. § 404, Subpt. P, App'x 1). To meet this listing, "a claimant's conditions must satisfy the criteria in paragraph A and either paragraph B or C of the listing." *Id.* "Under paragraph A, a finding of depressive disorder requires medical documentation of five or more of the following: depressed mood; diminished interest in almost all activities; appetite disturbance with change in weight; sleep disturbance; observable psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating or thinking; or thoughts of death or suicide." *Id.* "Under paragraph B, there must be '[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning:' understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself." *Id.* "For paragraph C, there must be 'a medically documented history of the existence of the disorder over a period of at least 2 years,' as well as evidence of both 'medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and

signs of your mental disorder' and 'minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.'" *Id.*

In his decision, the ALJ discussed each of the paragraph B criteria, citing evidence in the record and/or hearing testimony supporting each consideration. Tr. 19-20.

First, the ALJ found that Plaintiff had moderate limitations in understanding, remembering, or applying information. Tr. 19. This area of mental functioning refers to plaintiff's ability to learn, recall, and use information to perform work activities. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00(E)(1). The ALJ noted that Plaintiff "was able to recall, understand and respond to instructions" during a July 26, 2018 consultative examination with Christine Ransom, Ph.D. Tr. 19, 284-85. The ALJ also noted that Dr. Ransom also indicated that Plaintiff had "no limitation for understanding, remembering and carrying out simple and complex instructions" and that Plaintiff had no restrictions in his ability to "make judgments on complex work-related decisions." Tr. 19, 288.

Next, the ALJ discussed Plaintiff's ability to interact with others. This area of mental functioning refers to the plaintiff's ability to relate and work with supervisors, co-workers, and the public. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00 (E)(2). The ALJ noted that certain evidence suggested Plaintiff was limited in his ability to interact with others, including (1) Plaintiff's testimony that "[h]e has friends but states that he has not seen them in a long time"; and (2) November 7, 2017 patient visit notes from Dr. Kalaiselvi Rajendran, M.D., which indicate that Plaintiff isolates himself and does not trust others. Tr. 19, 277, 279. However, the ALJ also noted that, on July 26, 2018, Dr. Ransom found Plaintiff has "no limitations for interact[ing] appropriately with the public, supervisors and co-workers." Tr. 19, 286. Ultimately, the ALJ found Plaintiff has a moderate limitation in interacting with others. Tr. 19.

With regards to concentrating, persisting, or maintaining pace, the ALJ found Plaintiff had a marked limitation. Tr. 20. This area of mental functioning refers to the plaintiff's ability to focus attention on work activities and stay on task at a sustained rate. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00(E)(3). In support of this finding, the ALJ noted that Plaintiff's "[a]ttention and concentration were impaired due to emotional distress, as well as limited intellectual functioning." Tr. 20. The ALJ also noted, citing a February 2, 2018 psychiatric evaluation with Dr. Janine Ippolito, Psy. D., that Plaintiff "had difficulty with two-step calculation and serial subtraction." Tr. 20, 265, 267.

Finally, the ALJ examined Plaintiff's ability to manage himself, finding a moderate limitation. This area of mental functioning refers to plaintiff's ability to regulate emotions, control behavior, and maintain well-being in a work setting. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00(E)(4). "Examples include responding to demands; adapting to changes; managing psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions." *Gabriel C. v. Comm'r of Soc Sec.*, No. 6:18-CV-671 (ATB), 2019 WL 4466983, at *6 (N.D.N.Y. Sept. 18, 2019) (citing 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00(E)(4)). The ALJ noted that, while Plaintiff lives with his parents, his testimony established that he helps out around the house when asked to do so, and that he uses the computer every other day. Tr. 20. The ALJ also noted, citing Plaintiff's testimony, that Plaintiff's mother does his laundry; Plaintiff does not cook; and Plaintiff does not drive because he is afraid to do so. Tr. 20. In further support of the ALJ's finding, he noted Plaintiff's December 16, 2017 Activities of Daily

Living Assessment which indicated that Plaintiff did not go out of the house alone due to panic attacks. Tr. 20, 215.

Plaintiff notes that the ALJ found that he has a marked limitation in "concentrating, persisting or maintaining pace." ECF No. 14-1 at 18 (citing Tr. 20). Thus, if the ALJ were to find a marked limitation in one additional Paragraph B criterion, Plaintiff would be disabled *per se* at step three. *See Cusumano*, 2020 WL 6873437, at *4 n.3 (citing 20 C.F.R. § 404, Subpt. P, App'x 1) ("Under paragraph B, there must be '[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning:' understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.").

The ALJ's RFC analysis states that Plaintiff "can have occasional interaction with supervisor and co-workers," "no or only incidental interaction with the public," and that Plaintiff should not engage in "team or tandem or codependent work." Tr. 20. However, as Plaintiff argues, these findings are inconsistent with the ALJ's finding at step three that Plaintiff has a moderate limitation in interacting with others. ECF No. 14-1 at 18-20. *See Jay v. Comm'r of Soc. Sec.*, No. 17-CV-59S, 2018 WL 3688315, at *3 (W.D.N.Y. Aug. 3, 2018) ("Although the ALJ found that Plaintiff had only 'moderate' difficulties in maintaining social functioning at Step 3, she determined in her RFC analysis that Plaintiff had to be limited to 'occasional, incidental' interaction with co-workers and the public and 'occasional' interaction with supervisors. Requiring only incidental interaction with others appears to exceed a 'moderate limitation.'"). The Court is persuaded by the reasoning in *Jay*:

> Here, the ALJ found more severe limitations in the RFC than listed in her Step 3 finding without explanation. This inconsistency calls into question the ALJ's Step 3 and RFC determinations, and leaves this Court unable to discern the ALJ's

8

reasoning or reconcile her inconsistent findings. This is a salient issue because Plaintiff maintains that he otherwise meets the 12.04 Listing.

*Jay*, 2018 WL 3688315, at *4.  Accordingly, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 14, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 12, 2021
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court